**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arturo Soltero,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OneWest Bank FSB,<br><br>　　　　　Defendant. | No. CV-13-0277-PHX-DGC<br><br>**ORDER** |

　　　　Pro se Plaintiff Arturo Soltero filed a quiet title action against Defendant OneWest Bank FSB relating to the alleged foreclosure and trustee sale of property located at 2873 North 144th Drive, Goodyear, Arizona, 85338 (the "Property"). Doc. 1-1 at 5-11, ¶¶ 8, 19. Defendant removed the action to federal court (Doc. 1) and filed a motion to dismiss (Doc. 4). The motion is fully briefed. Docs. 9 & 11. No party has requested oral argument. For the reasons that follow, the Court will grant the motion.

**I.　　Legal Standard.**

　　　　When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the

1 complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Absent specific exceptions, the Court will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 343 F.3d at 908 (citations omitted); *see also Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that the court may take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.").

Defendant attached two documents to its motion to dismiss: (1) the Note (Ex. A, Doc. 4-1 at 2-10); and (2) the Deed of Trust ("DOT") (Ex. B, Doc. 4-1 at 12-33). Plaintiff did not physically attach these documents to the complaint, but the complaint alleges their content and the documents are central to Plaintiff's quiet title claim. Doc. 1-1 at 5-11, ¶¶ 3-7, 14-18. Plaintiff's response does not contest the authenticity of the documents. Doc. 9. Accordingly, the Court will consider the Note and the DOT under the incorporation by reference doctrine.

## II. Analysis.

### A. Failure to Respond.

The Court's February 28, 2013, order noted that Plaintiff had failed to file a timely response to the motion to dismiss. Doc. 8. The order provided Plaintiff with until March 15, 2012, to file a response and warned that the Court would summarily grant the motion to dismiss if Plaintiff failed to comply with the order. *Id.* Plaintiff did not file a response until March 18, 2013. Doc. 9. Plaintiff's failure to respond in accordance with the Court's order provides sufficient reason for the Court to grant Defendant's motion to dismiss. In light of Plaintiff's status as a pro se litigant, however, the Court will consider the merits of the complaint.

### B. Merits of Complaint.

Plaintiff makes a claim for quiet title, requesting the Court declare that title to the Property is vested in Plaintiff alone and that Defendant does not have any interest in the Property. Doc. 1-1 at 5-1, ¶ 1; *id.* at 9. A party bringing a quiet title action must allege that it has an interest in real property and that the interest is adverse to another person who claims an interest in the same property. A.R.S. § 12–1101(A). The complaint alleges that Defendant does not have a security interest in the Property (Doc. 1-1 at 5-11, ¶¶ 24-26) because the assignment of the DOT and the Note to Defendant was not perfected (*id.*, ¶ 22), thereby rendering "Plaintiff's interests [in the Property] superior to the interest of the Defendant's, and the lien of Defendant and any subsequent mortgage assignment and rents may be avoided" (*id.*, ¶ 23).

Defendant raises the following arguments in support of its motion to dismiss: (1) Plaintiff lacks standing to challenge the validity of an assignment of the Note and DOT; (2) as trustor, Plaintiff does not have a right to bring a quiet title claim under Arizona law; (3) the complaint fails to state a quiet title claim because there is no allegation that Plaintiff has paid or tendered all amounts owed; (4) Arizona law rejects the "show-me-the-note" theory; (5) Defendant is the beneficiary under the DOT because Defendant is in possession of the Note, which is indorsed in blank; and (6) the complaint

does not state a plausible claim. Doc. 4 at 2. The Court will consider each in turn.

First, to the extent Plaintiff's claim is based on the validity of the assignment of the Note and the DOT, this Court has held that borrowers who were not parties to the assignment lack standing to challenge the assignment's validity. *See In Re MERS Litig.*, MDL Doc. No. 09-2119-JAT, 2011 WL 4550189, *5 (D. Ariz. Oct.03, 2011) (finding that borrowers who were not parties to the assignment of their deed lacked standing to challenge the assignment's validity because they had not alleged a "concrete and particularized injury that is fairly traceable to the challenged assignment."); *see also Graham-Miller v. Nationstar Mortg. LLC*, No. CV-11-00848-PHX-JAT, 2012 WL 2368494, *4 (D. Ariz. June 21, 2012). Plaintiff does not allege facts sufficient to confer standing to challenge the assignment.

Second, "[i]t is thoroughly settled that a complaint to quiet title . . . [must] show title in the plaintiff[.]" *Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n*, 197 P. 227, 228 (Ariz. 1921). Under Arizona law, legal title passes to the trustee upon the execution of a DOT. *Brant v. Hargrove*, 632 P.2d 978, 984 (Ariz. Ct. App. 1981) (citations omitted). As trustor under the DOT (Ex. B, Doc. 4-1 at 12), Plaintiff does not hold title and thus cannot bring a quiet title claim. *See Robertson v. DLJ Mortg. Capital, Inc.*, No. CV-12-8033-PCT-LOA, 2012 WL 4840033, *8 (D. Ariz. Oct. 11, 2012) ("Under Arizona law, neither a mortgagee nor a trustor can bring an action to quiet title because neither holds title." (citations omitted)). Although Plaintiff alleges that his interests are "superior to the interest of the Defendant's" (Doc. 1-1 at 5-11, ¶ 23), Plaintiff has not pled that he has title and the DOT shows otherwise.

Third, it is well established in Arizona that "a plaintiff cannot bring a quiet title action unless [he] has paid off her mortgage in full." *Bergdale v. Countrywide Bank FSB,* No. CV-12-8057-PCT-GMS, 2012 WL 4120482, *6 (D. Ariz. Sept. 18, 2012) (citing *Farrell v. West,* 114 P.2d 910, 911 (Ariz. 1941) ("[I]f it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays off such mortgage lien.")); *Eason v. Indymac*

*Bank, FSB,* No. CV 09-1423-PHX-JAT, 2010 WL 1962309, *2 (D. Ariz. May 14, 2010) (action to "[q]uiet title is not a remedy available to the trustor until the debt is paid or tendered."); *Frazer v. Millennium Bank,* No. 2:10-01509 JWS, 2010 WL 4579799, *4 (D. Ariz. Oct. 29, 2010) (same).  The complaint does not allege that Plaintiff has paid or tendered all amounts owed on the Note, and the facts of this case strongly suggest he has not.

Fourth, the Arizona Supreme Court has rejected the "show me the note" theory and its requirement that a party must be in possession of the actual note in order to foreclose.  *Hogan v. Wash. Mut. Bank. N.A.*, 277 P.3d 781, 782 (Ariz. 2012) (noting that Arizona statutes do not require "that before a trustee may exercise that power of sale, the beneficiary must show possession of, or otherwise document its right to enforce, the underlying note."); *see also Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit.").  Plaintiff's claim lacks legal authority to the extent it seeks to require Defendant to prove that it is the holder of the Note.  *See* Doc. 1-1 at 5-11, ¶¶ 1, 19.

Fifth, the holder of a note indorsed in blank, A.R.S. § 47-3205(B) (providing a note indorsed in blank is "payable to the bearer and may be negotiated by transfer of possession alone"), is "[t]he person in possession of a negotiable instrument[,]" A.R.S. § 47-1201(B)(21)(a).  Defendant submits that Plaintiff is not entitled to quiet title because Defendant is in possession of the Note.  Doc. 4 at 7.  The complaint alleges that Defendant is the holder of the Note (Doc. 1-1 at 5-11, ¶¶ 15-18), but that the Note is no longer secured by the DOT because "the note and the [DOT] were assigned to different parties; whereby a split of the note and [DOT] has occurred that nullifies Defendant's security interest (if any) in the said [DOT] and the subsequent assignments" (*id.*, ¶ 17). This theory does not comport with Arizona law.  By operation of law, the transfer of a contract secured by a trust deed "shall operate as a transfer of the security for such contract."  A.R.S. § 33-817; *see also Cervantes v. Countrywide Home Loans, Inc.*, 656

F.3d 1054, 1044 (9th Cir. 2011) ("Even if we were to accept the plaintiffs' premises that . . . the note is split from the deed, we would reject the plaintiff's conclusion that, as a necessary consequence, no party has the power to foreclose."). Plaintiff's claim is untenable to the extent it is based on the allegation that Defendant possesses a non-securitized Note.

Sixth, Plaintiff has failed to plead sufficient facts to state a plausible quiet title claim. Plaintiff has not alleged that he has an interest in the real property at issue. Plaintiff alleges that he "is the owner" of the property (Doc. 1-1 at 5-11, ¶ 8), but this is a legal conclusion unsupported by any properly alleged fact. Plaintiff does not allege that he has made any payments under the Note or any other fact sufficient to show that he has an interest in the Property. Accordingly, the Court will grant the motion to dismiss.

**III.   Leave to Amend.**

Pro se Plaintiffs should be granted leave to amend if the defects in their claims can be cured by re-pleading. Plaintiff asserts that "any defects alleged by the Defendant can be cured . . . by filing an amended pleading." Doc. 9 at 5. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court cannot determine that an amendment could not cure the complaint's deficiencies (specifically, with respect to the amount Plaintiff may or may not have paid on the Note) and therefore will grant leave to amend. As to theories alleged that are without legal foundation (show me the note, and splitting of the Note and DOT), the Court dismisses allegations related to these theories with prejudice. If Plaintiff chooses to file an amended complaint, he may not advance legal claims based on these theories.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 4) is **granted**.
2. Plaintiff has **30 days** from the date of this order to file a first amended complaint. Failure to do so will result in the Court dismissing the action with prejudice and directing the Clerk to enter judgment accordingly.
3. The Case Management Conference set for **May 3, 2013 at 3:00 p.m.** is

1 **vacated**, and will be rescheduled if Plaintiff files an amended complaint.

2 Dated this 3rd day of May, 2013.

_____
David G. Campbell
United States District Judge